IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW R. SCHUMACHER and
SHAUN MATZ,

              Petitioners,

v.

MATTHEW FRANK, DAN WESTFIELD, PHIL KINGSTON,
MIKE THURMER, DON STRAHOTA, DANIEL BRAEMER,
LT. GREFF, DEBRA GEMPLER, GARY ANKARLO,
GEORGE KAEMMERER, CHARLES GRISDALE,
JEFF GARBELMAN, WILLIAM POLLARD,
MICHAEL BAENEN, PETE ERICKSON,
STEVEN SCHMIDT, MARTHA BREEN,
ROBERT MCQUEENY, MICHAEL VANDENBROOK,
TRAVIS BIDDELMAN, C.O. VASOS,
SGT. STEWART and JOHN DOES 1,

              Respondents.

ORDER

08-cv-228-slc

---

    Petitioners Matthew Schumacher and Shaun Matz are prisoners in the Health and Segregation Complex at Waupun Correctional Institution, in Waupun Wisconsin. Respondents are prison officials who petitioners contend are violating their Eighth Amendment rights by failing to provide them with adequate mental health care treatment.

    Petitioners seek leave to proceed *in forma pauperis*. In a previous order, I concluded that petitioner Schumacher was indigent and I directed him to make an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), which the court has received. I concluded that petitioner Matz did not have means to make an initial partial payment. All of the parties to the case have consented to my jurisdiction to hear the case. Dkts. 13, 15 and 16.

Copy of this document has been provided to Schumacher & Matz this 27 day of Aug, 2008 by C Akerty
O. A. Korth, Secretary to Magistrate Judge Crocker

Because petitioners are prisoners, I am required under the 1996 Prison Litigation Reform Act to screen their complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. However, before I can screen the merits of petitioners' complaint, I must sever petitioner Matz's claims from petitioner Schumacher's because as it stands, petitioners' complaint violates Fed. R. Civ. P. 20.

Rule 20(a) governs the number of parties a plaintiff may join in any one action. It provides that two plaintiffs may file jointly when their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" *and* when there is "any question of law or fact common to all plaintiffs . . . in the action." Petitioners meet the second requirement but not the first. They both allege that they are seriously mentally ill and that their conditions of confinement at the Waupun prison exacerbate their mental illnesses. However, many aspects of their claim are entirely separate, involving different alleged failures of different prison officials. For example, although both petitioners allege that they have attempted suicide in the past, most of the respondents who allegedly violated petitioner Schumacher's rights are not the same respondents who allegedly violated petitioner Matz's rights. With so many differences in their claims, I cannot conclude that they arise out of "the same transaction, occurrence, or series of transactions or occurrences." Accordingly, petitioners Schumacher's and Matz's claims must be brought in separate lawsuits. In another order, I have screened the complaint with respect to petitioner Schumacher's claims.

With respect to petitioner Matz, his claims must be divided further before they can be screened. Unlike petitioner Schumacher, Matz's claims involve incidents at two different

prisons, Waupun Correctional Institution and Columbia Correctional Institution. Matz's claims arising out of the events at Waupun are factually distinct from the claims arising out of the events at Columbia and the two sets of claims have no respondents in common. Thus, these two sets of claims must proceed as separate lawsuits under Rule 20.

This means that petitioner Matz must make a choice about how he wishes to proceed. If he wants to proceed with both lawsuits, he will be assessed another $350 filing fee. Although he will not have to make an initial partial payment because he has no means to make one at this time, he will have to pay the second fee in installments under 28 U.S.C. § 1915(b)(2) when he has the means to do so. If he wishes to proceed with only one lawsuit, he must notify the court which lawsuit he will choose, the one arising out of events at the Waupun Correctional Institution or the one arising out of events at the Columbia Correctional Institution.

Accordingly, petitioner Matz may have until September 8, 2008, to inform the court in writing whether he wishes to proceed with one lawsuit or two. If he wishes to proceed with only one lawsuit, he must identify which lawsuit that will be, the "Waupun" lawsuit or the "Columbia" lawsuit.

ORDER

IT IS ORDERED that

1. This case is SEVERED in accordance with Fed. R. Civ. P. 20. Petitioner Matthew Schumacher's case will proceed as case no. 08-cv-228-slc.

2. Petitioner Shaun Matz's "Waupun" case is assigned case no. 08-cv-491-slc; his "Columbia" case is assigned case no. 08-cv-502-slc  Petitioner Matz may have until September 8, 2008, to inform the court in writing whether he wishes to proceed with one lawsuit or two. If he wishes to proceed with only one lawsuit, he must identify which lawsuit that will be, the "Waupun" lawsuit or the "Columbia" lawsuit.  If he chooses both lawsuits, he will be assessed another $350 filing fee.  If petitioner Matz fails to respond to this order, then I will assume that he wishes to withdraw both lawsuits.  In that event, he will not be charged for the second, severed action, about which he was unaware at the time he filed his complaint.

Entered this 27th day of August, 2008.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge